BUCKNOR (RUGGLES v.). See Case No. 12,115.

BUCKUP (SAUNDERS v.). See Case No. 12,373.

## Case No. 2,100.

### In re BUCYRUS MACH. CO.

[5 N. B. R. 303.] [1]

District Court, N. D. Ohio. May 13, 1871.

BANKRUPTCY—PROOF OF DEBT AGAINST PARTNERS.

Where the original consideration of a claim passed to a partnership, but the obligations given for the same were executed by the individual members of the firm as such, held, that the creditors holding such obligations are entitled to a credit out of the individual estates.

[On certificate of register in bankruptcy.]

I, Henry C. Hedges, one of the registers of said court in bankruptcy, do hereby certify that in the course of the proceedings in said cause before me, the following question arose pertinent to the said proceedings, and was stated and agreed to by counsel for the opposing parties, to wit: Mr. E. B. Finley, who appeared for A. C. Shock, one of the creditors of Henry Stuckey, one of the said bankrupts, and S. R. Harris, Esq., who appeared for Ballard, Fast & Co. and other creditors in the same class, and said E. B. Finley, on behalf of said A. C. Shock, anticipating a dividend would be speedily declared among the creditors of said bankrupts, excepts to any dividend being declared to Ballard, Fast & Co. and other creditors of the same class, out of the separate estate of Henry Stuckey, bankrupt, until all the individual creditors of said Stuckey are first paid; that Ballard, Fast & Co. and other creditors of the same class are not individual creditors of said Stuckey. Mr. Harris insists that Ballard, Fast & Co. and other creditors of the same class are individual creditors of Stuckey, and are entitled to a dividend out of the separate individual estate of said Stuckey. Said parties agree that the original consideration of the now existing claim of Ballard, Fast & Co. and the other creditors of said class passed to the partnership firm, the Bucyrus Machine Co., but that the obligations given and accepted, and now existing, were executed by said Jacob Poundstone, Henry Stuckey, Elias Miller, George Burkhart and William H. Burkhart individually, and not by the partnership name of The Bucyrus Machine Co. I

---

[1] [Reprinted by permission].

am of the opinion that said Ballard, Fast & Co. and others of the creditors of the class, holding the paper executed by said Poundstone, Stuckey and others by their individual signatures, although the original consideration passed to the partnership, must be taken and held to be individual creditors of each of said bankrupts, and as such, entitled to any dividend declared out of the separate estate of each bankrupt, to the extent that such dividends do not more than equal the entire proven claim; that said bankrupts, in executing obligations, elected to bind their separate estates, and as against such creditors cannot now insist that the consideration originally passing shall be inquired into, and that third parties, A. C. Shock & Co., cannot require Ballard, Fast & Co. and the creditors of that class to be turned over to the partnership estate, and so holding, the exception of said A. C. Shock is by me overruled. And said parties request said question to be certified to the district judge for his action thereon, which is done accordingly.

S. R. Harris, attorney, &c., assented to the opinion of the register.

E. B. Finley, attorney, &c., dissented to the opinion and action of the register as above.

SHERMAN, District Judge. The above opinion of the register on the question stated by him is hereby affirmed, and the assignee is ordered to make the distribution accordingly.